[Civ. No. 1081. Second Appellate District.—March 19, 1912.]

## C. C. PATTON, Respondent, v. LOS ANGELES PACIFIC COMPANY, a Corporation, Appellant.

NEGLIGENCE — COLLISION BETWEEN INTERURBAN CARS — INJURY TO MOTORMAN—FAULT OF CONDUCTOR OF COLLIDING CAR.—An interurban railway company, though not liable under section 1970 of the Civil Code, as it stood prior to the amendment of 1907 thereto, is liable under that. amendment for injury to a motorman of an interurban trolley car collided with by the negligence and fault of the conductor of a colliding independent trolley car.

ID.—CONSTRUCTION OF AMENDMENT—PURPOSE TO EXTEND EMPLOYER'S LIABILITY.—Section 1970 of the Civil Code as amended in 1907, extending the liability of an employer, for an injury, "when the same results from the wrongful act, neglect or default of . . . a coemployee engaged in another department of labor from that of the employee injured, or employed upon a machine, railroad train, switch-signal point, locomotive engine, or other appliance than that upon which the employee injured is employed," is to be given a fair and reasonable meaning, and to be liberally construed to effect the purpose of the amendment to extend the liability of the employer.

ID.—INTENTION OF LEGISLATURE — BROAD SCOPE OF LAW—SEPARATE MECHANICAL DEVICES.—From the phraseology of the amendment to section 1970 of the Civil Code, it is evident that the legislature intended to make the law broad in its scope, and to preserve the liability of the employer in all cases generally where the mechanical device upon which the injured servant is employed is separate and different from that being operated by the negligent employee.

ID.—SINGLE INTERURBAN "TROLLEY CAR" INCLUDED IN "RAILROAD TRAIN."—It is held that under a fair rule of construction, the words "railroad train," as applied to an interurban railway, whose trolley cars combine in their construction both motors for propulsion and

seats for the accommodation of passengers, is sufficient to include a single "trolley car" operated independently for the carriage of passengers. In construing statutes, courts are not bound to an interpretation which shall give to words or phrases a literal, close dictionary definition.

ID.—CODE SECTION NOT VIOLATIVE OF STATE OR FEDERAL CONSTITUTION— EQUAL PROTECTION OF LAWS NOT DENIED.—It is held that the amendment to the code section extending the employer's liability in specified cases is not in violation of the state or federal constitution, in giving certain citizens privileges not granted to others, or in denying to anyone the equal protection of the laws. The classification made by the statute is not arbitrary, but it comports with the rule that there must be a difference in the situation of the employee from that which exists when both are working on the same machine, which justifies the special protection being extended to one class and withheld from the other.

ID.—RULE OF PROTECTION—OPERATIVES ON DIFFERENT TRAINS OR CARS. The rule of the special protection of one class of operatives especially applies to operatives of a railroad working upon different trains or cars.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Benjamin F. Bledsoe, Judge Presiding.

The facts are stated in the opinion of the court.

Gurney E. Newlin, Roy V. Reppy, J. W. McKinley, and W. R. Millar, for Appellant.

E. B: Drake, and Jones & Drake, for Respondent.

JAMES, J.—Plaintiff on April 2, 1908, was employed as a motorman on a passenger car of defendant which was engaged in making runs between the cities of Los Angeles and Santa Monica. On the day mentioned the car upon which plaintiff was at work was proceeding west and had been given the "right of way." The conductor of another car of the same employer, which car was proceeding in the opposite direction, had been instructed by the train dispatcher to await orders at Gayland station. He disregarded these orders of the dispatcher and caused his car to proceed easterly along the track, and as a result it collided with the car upon which plaintiff was employed and caused plaintiff grave physical injuries. This action was brought to recover the sum of

$25,950 as damages. By the answer of defendant it was ad-mitted that the accident occurred because of the negligence of the conductor, who disregarded the orders of the dispatcher, issue being taken by the answer only on plaintiff's allegations as to the character and extent of the injuries suffered and the amount of damages sustained. The jury returned a verdict in favor of plaintiff in the sum of $12,500, upon which judgment was entered. Defendant presented a motion for a new trial, which was denied, and an appeal was then taken from that order and also from the judgment.

In support of this appeal the first contention of defendant is that the negligence by which the accident was caused was that of a fellow-servant with plaintiff, the risk of which negligence plaintiff assumed when he entered the employment of the defendant. Under the condition of the statute (Civ. Code, sec. 1970), as it stood prior to the year 1907, there is little room for doubt but that the relation existing between a motorman and conductor working upon different cars of the same employer and on the same line of railroad would have been such as to prevent a recovery by one from the employer for damages caused by the negligence of the other. But the legislature in 1907 [Stats. 1907, p. 119] enacted an amendment to the Civil Code section, by the provisions of which the responsibility of the employer was enlarged. That section as it was then changed and as it has since provided reads, in part, as follows: ''An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, . . . ; provided, nevertheless, that the employer shall be liable for such injury when the same results from the wrongful act, neglect or default of . . . a coemployee engaged in another department of labor from that of the employee injured, or employed upon a machine, railroad train, switch-signal point, locomotive engine, or other appliance than that upon which the employee is injured is employed. . . . '' Plaintiff, under the facts of the case as they were admitted by defendant, was allowed to recover judgment because of the provision contained in the section quoted

from, which imposes liability upon an employer for injuries suffered by the employee through the negligence of a fellow-servant, where the negligent servant is "employed upon a machine, railroad train, switch-signal point, locomotive engine, or other appliance than that upon which the employee is injured is employed." Defendant demurred to the complaint of plaintiff on the ground that by the facts alleged a cause of action was not stated, and the ruling of the court having been against defendant on that point, the same contention is raised here. More particularly stated, the objection urged is that single cars, like those upon which the plaintiff and the negligent conductor were employed, are not to be considered as machines or railroad trains, or to be comprehended within the term "other appliances" as used in the statute. To our minds, influenced by the consideration that the statute must be given a fair and reasonable meaning and be liberally construed to effect the purposes of its enactment (*Judd* v. *Letts,* 158 Cal. 359, [111 Pac. 12]), this contention of appellant is without merit. From the phraseology of the provision quoted it is evident that the legislature intended to make the law broad in its scope and to preserve the liability of the employer for the employee's benefit in all cases generally where the mechanical device upon which the injured servant is employed is separate and different from that being operated by the negligent employee. By way of closer definition of the department of labor classification, the legislators undertook to and have said in effect that a person is not employed in the same department with another servant where he is at work with or upon a different machine, railroad train, etc.; and in consonance with a rule of fair construction it would be proper to say, if the words "railroad train" were the only descriptive ones contained in that portion of the statute quoted, that that term as applied to an interurban railway is sufficient to include a single trolley car. Such cars combine in their construction both motors for propulsion and seats for the accommodation of passengers. Used in interurban traffic they perform the same work over long distances as does the steam-propelled train. While a train usually consists of a motor vehicle and cars attached thereto, where these adjuncts are combined in one carriage and serve the same uses, there is no good reason why the one should be said to be a train, within the meaning of the statute, and the other

not be so classed. In construing statutes courts are not bound to an interpretation which shall give to words or phrases a literal, close dictionary definition.

That the provision of the section gives certain citizens privileges not granted to others, or denies to any the equal protection of the laws, in violation of the provisions of the state or federal constitution, we do not believe. There is a good reason why the persons who are employed upon the same machine should be denied right of an action for damages against their employer where such damages are caused by the negligence of one of them, and that those employed upon different machines or trains should not be so restricted as to such remedy. Men working together on the same machine or car generally have an opportunity to view the actions of each other; under the eyes of each other they are easily and readily apprised of any negligent act which threatens injury to them and can better protect themselves. The classification made by the statute is not therefore arbitrary, but it comports with the rule that there must be a difference in the situation of the employee which justifies the special protection being extended to the one class and withheld from the other. Especially is this so as applied to operatives of a railroad working upon different trains or cars. (*Indianapolis Union R. Co.* v. *Houlihan,* 157 Ind. 494, [54 L. R. A. 787, 60 N. E. 943].)

No other points are presented for consideration.

We are of opinion that the judgment and order should be affirmed, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1912.