[S. F. No. 12948.   In Bank.—January 28, 1930.]

GAETANO BOCCI & SONS CO. (a Corporation) et al.,
Appellants, v. THE TOWN OF LAWNDALE (a Muni-
cipal Corporation) et al., Respondents.

Grant & Zimdars for Appellants.

Joseph E. O'Donnell, E. R. Hoerchner and Ross & Ross
for Respondents.

THE COURT.—This appeal is by the plaintiffs from a
judgment decreeing that a certain ordinance of the Town
of Lawndale, California, is valid and constitutional and that
plaintiff is not entitled to an injunction restraining the de-
fendants or either of them from enforcing the same.   It is
appellants' contention that the ordinance involved is uncon-
stitutional.

The ordinance in question provides that ''it shall be un-
lawful for any person, firm, corporation or association to
open for business or keep open within the corporate limits
of the Town of Lawndale, upon or on any Sunday, any
store, workshop, banking house or other place of business or

any public dance hall, pool or billiard parlor, skating rink, theatre or stone cutting works or monument yard." It is further enacted that the foregoing provisions "shall not apply or be construed to apply to persons, firms, corporations or associations who on Sunday open for business or keep open *bona fide* hotels, boarding houses, lodging houses, restaurants or lunch rooms, bakeries, drug stores, confectionery stores, ice cream parlors, garages, cemeteries and cemetery offices, crematories, florist stands or stores, transfer, railroad, telephone, telegraph or express offices, vegetable gardens, stables, newspaper or periodical agencies for the legitimate business of each." A penalty is provided for the violation of the ordinance.

The plaintiffs and appellants are the owners and managers of a stone-cutting works or monument yard in Lawndale. They contend that the classifications made in the ordinance are arbitrary and unreasonable; that they are unjustly discriminated against and that the ordinance is not a valid exercise of the police power.

Respondents, on the contrary, urge that appellants' objections are answered by the case of *In re Sumida,* 177 Cal. 388 [170 Pac. 823], and state that the ordinance involved here was modeled after the ordinance approved in the Sumida case, *supra*. The two ordinances are similar in many respects, but differ in particulars upon which appellants' arguments are based. For instance, in the Lawndale ordinance there is involved in the list of enterprises prohibited from opening on Sunday "stone cutting works or monument yards" and there is also included in the list of enterprises permitted to operate on Sunday "cemeteries, cemetery offices, crematories, florist stands and vegetable gardens," which enterprises are not involved in the ordinance considered in the Sumida case.

It is urged by appellants that there is no natural distinction between stone-cutting works or monument yards and cemeteries, cemetery offices, crematories, etc., with reference to the need for their operation on Sunday nor with reference to the effect of such operation upon public morals and welfare. The findings of the trial court with reference to the situation and needs in the locality of Lawndale and the operation of the different enterprises thus separately classified emphasize the force of appellants' argument, for it is

found by the court: That plaintiff and its predecessors have for more than twenty-five years last past owned, maintained and operated, within the territory comprising the Town of Lawndale, a stone-cutting yard and monument yards and display and salesrooms, at which it designs, cuts and manufactures monuments, gravestones, cement and stone vaults and caskets, tablets, slabs, inscriptions, lettering and works of art in stone, and sculptures for designating and ornamenting graves and for general cemetery and funeral uses; and where it has displays of these manufactures and works for sale and for taking orders therefor in a display room and office connected with said yard and in said yard, which are all maintained for said purpose and none other; that during all of said time and now plaintiff corporation conducts its said manufacturing operations in said stone-cutting works and monument yards during working hours on all week days, and employs therein and thereat from five to ten workmen, but employs no workmen thereat or therein on Sundays or other holidays; that Nello Bocci, the secretary and manager of the plaintiff corporation was employed as such at plaintiff's place of business on Sunday, for the purpose of displaying and selling the manufactures of plaintiff; that it has not been the practice of the monument or stone yards in the Town of Lawndale to keep manual workers therein engaged in the manufacture of its products on Sundays.

The court further finds that the cemeteries and crematories and the offices thereof are open for and do business on every day of the week, including Sundays, and take orders for and provide and sell for a consideration, at their respective places of business in said Town of Lawndale, graves, niches, tablets, lettering, inscriptions, urns and vases, flowers and shrubs; that the territory included within the corporate limits of said Town of Lawndale is almost wholly devoted to cemetery uses and occupations incidental thereto, and that there are contained therein ten enumerated cemeteries; that at least one-half of the residents of the Town of Lawndale are either interested in or working at or connected with the cemetery business or occupations incidental thereto, including monument yards.

The respective activities of the cemeteries and the monument yards, as found by the court, have so much in common that we think a difference in their classification indicates

that such classification is purely arbitrary. The business of selling tablets, lettering and inscriptions for graves should be classified, logically, with the business of selling monuments, gravestones, tablets, slabs, inscriptions, lettering and work of art in stone for designating and ornamenting graves and for general cemetery and funeral uses.

In the Sumida case, *supra*, it was said: " . . . the sole question, therefore, is whether or not this ordinance is discriminatory, and class legislation"; that "this classification . . . must be founded upon differences which are either defined by the Constitution or natural, and which suggest a reason which might rationally be held to justify a diversity in the legislation."

We are of the opinion that the classification made in the ordinance in question is not made upon some natural, intrinsic or constitutional distinction between the enterprises prohibited from opening on Sunday and those permitted to operate upon that day, and, therefore, the ordinance is unconstitutional and void.

The judgment is reversed.