WILSON, J.,
 
 pro tem.
 

 This is an appeal by plaintiff from an order of the municipal court determining priority of claims pursuant to section 1206 of the Code of Civil Procedure, which provides as follows: “Upon the levy of any
 
 *Supp. 760
 
 attachment, garnishment, or execution, not founded upon a claim for labor, any miner, mechanic, salesman, servant, clerk, laborer, or other person who has performed work or rendered personal services for the defendant within ninety days prior to the levy, may file a verified statement of his claim therefor with the officer executing the writ.”. Then follow provisions for service of copies of the claim on the debtor and the attaching creditor and payment thereof by the officer, not exceeding $200, unless disputed.
 

 Plaintiff rendered services to defendant in the solicitation of interior decorating work for which defendant agreed to pay him a commission, and it is not disputed that these were personal services. Upon the commencement of this action by plaintiff to recover commissions which he claimed to have earned and the levy of an attachment by the marshal upon defendant’s property, respondents filed claims pursuant to said section 1206.for labor alleged to have been performed by them for defendant within ninety days prior to the levy of the attachment. After a hearing the municipal court entered an order and judgment decreeing that plaintiff’s action was not founded upon a claim for labor within the provisions of the said section and that respondents’ claims upon the funds under attachment were prior to that of plaintiff, and directing the marshal to pay respondents’ claims out of the moneys received by him pursuant to the attachment.
 

 The sole question here is whether respondents’ claims for labor are to be preferred to the attaching plaintiff’s claim for services which he performed, or whether the plaintiff’s services are to be construed to be upon an equality with those of respondents, in so far as the section referred to is applicable, and therefore that plaintiff has preference because of his attachment.
 

 Section 1206 of the Code of Civil Procedure, as originally adopted in 1872, provided: “In cases of executions, attachments, and writs of a similar nature, issued against any person, miners, mechanics, salesmen, servants, clerks, and laborers, who have claims against the defendant for. labor done, may give notice of their claim, ... to the officer executing either of such writs,” etc., and that such officer must pay “to such persons . . . the amount each is entitled to receive for services rendered within
 
 the forty
 
 days next preceding the levy of the writ, not exceeding one hundred dollars”. It
 
 *Supp. 761
 
 will be observed from the quoted portion of the section that a claim for labor, when filed, was apparently given preference over the plaintiff’s claim even though the latter was also for labor. “In eases of executions,” etc., reads the language— all cases, without exception. Apparently observing that this provision allowed a
 
 claimant
 
 laborer who had not commenced an action for his wages, or procured an attachment or an execution, to obtain a preference over a
 
 plaintiff
 
 laborer who had secured his claim by the levy of such a writ, the legislature amended the section (Code Arndts. 1873-1874, p. 352) by inserting the words “except for claims for labor done, any” after the word “person”, where it first appears. The section then read: “In cases of executions, attachments . . . against any person, except for claims for labor done, any miners,” etc., might give notice of their claim. The effect of this amendment was that when a laborer filed an action and procured an attachment or an execution he could not be deprived of the fruits of his action by the filing of a claim by another laborer with the officer who had executed the writ. “He who is first come is first served” became the rule by the amendment, while under a strict interpretation of the original section the second comer was the.first to be satisfied out of the funds under levy.
 

 In 1893 the section was again amended (Stats. 1893, p. 87) by inserting, after the words “clerks, and laborers”, the words ‘ ‘ or any other person who renders services or performs work”, and by inserting “or work performed” after the words “labor done”. Here the legislature extended the right to file claims to any
 
 other
 
 person than those originally named in the section who should either
 
 “render services”
 
 or perform “work”. In 1907 the section was recast (Stats. 1907, p. 321) to read: “Upon the levy of any attachment or execution, not founded upon a claim for labor, any miner, mechanic, salesman, servant, clerk, laborer, or other person who has performed work or rendered services for the defendant,” may file a claim which will be preferred to the claim of the plaintiff. The amendment of 1929 (Stats. 1929, p. 432) did not materially alter the part of the section under consideration. In 1931 the section was amended to read as it appears at the opening of this opinion. (Stats. 1931, p. 1702.) Previously to 1931 the filing of claims was permitted to persons who had rendered “services”, while as the law now stands it grants
 
 *Supp. 762
 
 the privilege to those who have rendered
 
 “personal
 
 services” only. The 1935 amendment made no change in the portion of the section under consideration. (Stats. 1935, p. 1644.)
 

 In the final analysis the question in controversy is whether “personal services” were intended by the legislature to be included in or classed as “labor”, as those words are used in said section 1206.
 

 Equitable considerations frequently require that words be allowed a wider significance than their technical or natural meaning would permit.
 
 (Weber
 
 v.
 
 McCleverty,
 
 (1906) 149 Cal. 316 [86 Pac. 706].) A statute should be so construed, if possible, as to give to each part the meaning and effect which, from the entire act, appears to have been intended, refraining from giving a narrow or restricted meaning if such construction would result in an evasion of the evident purpose of the act when a broader meaning would prevent the evasion and carry out that purpose.
 
 (In re Reineger,
 
 (1920) 184 Cal. 97, 103 [193 Pac. 81].) A statute must be given a fair and reasonable meaning and be liberally construed to effect the purposes of its enactment
 
 (Patton
 
 v.
 
 Los Angeles Poe. Co.,
 
 (1912) 18 Cal. App. 522, 525 [123 Pac. 613]) ; and no rule of statutory construction is violated by adopting the common-sense meaning of a word which most nearly harmonizes with the intent of the legislature and with its apparent object.
 
 (McPheeters
 
 v.
 
 Board of Medical Examiners,
 
 (1930) 103 Cal. App. 297, 300 [284 Pac. 938].)
 

 With these principles in mind, we pass to a consideration of the provisions of said section 1206 of the Code of Civil Procedure and the results following the inclusion of “personal services” in “labor” or the exclusion of the same therefrom.
 

 While the word “labor” is usually taken to mean bodily exertion or physical toil, it cannot be so constricted as used in said section 1206. The placing of so narrow a limitation upon the word would, in many instances, defeat the evident purpose of the section. In order that a word in a statute may be properly interpreted, the court must ascertain the intent actuating the legislature in the adoption of the statute.
 
 (Tyson
 
 v.
 
 Burton,
 
 (1930) 110 Cal. App. 428, 432 [294 Pac. 750]); and a lexicographer’s definition of a word must yield to the plain meaning as indicated by the context.
 
 (People
 
 v.
 
 Lewis,
 
 (1923) 61 Cal. App. 280 [214 Pac.
 
 *Supp. 763
 
 1005];
 
 People
 
 v.
 
 Howard,
 
 (1932) 120 Cal. App. 45, 52 [8 Pac. (2d) 176].) The word “labor” must be construed to have been here used generically to include the services performed by persons of all classes mentioned in the' section, including salesmen, clerks, and persons who perform personal services for others. The erroneousness of any other construction should be immediately apparent when it is pointed out that if respondents’ position were maintained it would result, for example, in the preference of the claim of a
 
 claimant
 
 salesman who had not procured an attachment over that of a
 
 plaintiff
 
 salesman who had secured his claim by attaching funds of the defendant, because if a salesman does not perform labor and if his services are not labor within the meaning of the section, then his attachment is not founded upon a claim for labor, and another salesman, by the filing of his claim for services, would be preferred to the plaintiff who had attached funds of the defendant. If the word “labor” as used in the phrase “not founded upon a claim for labor ” is to be limited to its ordinary, narrow meaning of toil or physical exertion, then one who has rendered “personal services” and has attached property would lose his priority to another who had rendered the same character of “personal services”, by the filing of the latter’s claim with the attaching officer.
 

 It is manifest that the legislature did not intend to allow a preference to one of a class over another of the same class. In its first amendment to said section 1206 it rectified the error in that respect in the original section to which reference has been made. It is not probable that after repairing one injustice the legislature would deliberately create another of the same type in the same statute.
 

 The second paragraph of said section 1206 bears out our construction. It requires the court issuing the writ to note on its docket every preferred “labor claim” of which it receives a copy, and to endorse on any execution or abstract of judgment subsequently issued that the same is subject to the rights of a preferred “labor claimant or claimants”, giving the names and the amounts of all such preferred “labor claims”. A “claim for labor” mentioned in the first paragraph of the section is not to be distinguished from a “labor claim” referred to in the second paragraph. If one who performs personal services may, by filing his claim in an attach
 
 *Supp. 764
 
 ment suit, acquire a claim .which must be entered in the docket as a “preferred labor claim”, then an attachment procured by him for the same services must be “founded upon a claim for labor”.
 

 The amendment of 1931, substituting the words “personal services” for “services” does not alter our conclusion. The amendment merely limits the kind or character of services for which a claim may be filed for preference over the claim of the attaching creditor. “Services” and “personal services” are not definitely coextensive. Within the meaning of statutes such as that now under consideration and of exemption statutes, “services” may be rendered though the actual labor be performed by one’s employees and by means of his machinery or other equipment, but “personal services” are those performed by the individual himself. See
 
 Wineblood
 
 v.
 
 Payne,
 
 (1928) 129 Okl. 103 [263 Pac. 669] ;
 
 Hale
 
 v.
 
 Brown,
 
 (1880) 59 N. H. 551 [47 Am. Rep. 224] ;
 
 Coburn
 
 v.
 
 Kerswell,
 
 (1852) 35 Me. 126. No doubt the amendment of 1931 was made in order to preclude a-person from filing a claim when services are rendered by his employees and not by him personally, and to conform this provision to section 690.11 of the Code of Civil Procedure (formerly subd. 10 of sec. 690), exempting from execution or attachment the earnings of the judgment debtor for his “personal services”. This latter provision is the same as that in section 219 of the Practice Act. (Stats. 1869-1870, p. 384.)
 

 The fact that plaintiff’s compensation was measured by a percentage of the value of the work procured by him instead of a stated salary or a daily wage does not change the status of the respective claims. The statute makes no mention of the manner in which the compensation shall be determined. Either labor or professional services may be as well compensated by a percentage of the value of the work as by a fixed salary or wage.
 

 The order appealed from is reversed, with directions to the municipal court to enter an order that the claim of appellant is a claim for labor and that the same is prior and preferred to the claims of respondents, appellant to recover for costs of appeal.
 

 Shaw, P. J., and Sehauer, J., concurred.