[No. 5986.    Decided March 8, 1906.]

JOHN S. GRAHAM *et al., Appellants,* v. ELIZA J. SMART *et al.,*
*Respondents, and* J. W. WHEELER *et al.,*
*Appellants.*[1]

MORTGAGES—FORECLOSURE —DETERMINATION OF PRIORITY OF LIENS.
In an action to foreclose a mortgage the court has a right to de-
termine the question of priority of liens upon the mortgaged prop-
erty, depending upon the character of the property, whether separate
or community, and it cannot be objected thereto that such decision
would be litigating paramount title.

HUSBAND AND WIFE—SEPARATE JUDGMENT AGAINST WIFE—LIEN ON
COMMUNITY PROPERTY—MORTGAGES—PRIORITY.    A judgment against
the wife reciting that it is her separate debt is not a lien upon the
community real estate of the husband and wife, at least not until
the levy of execution; and the husband cannot acquiesce in levy
and sale of community property thereunder, as against mortgagees of
the property prior in time to the issuance of such execution.

HUSBAND AND WIFE—COMMUNITY PROPERTY—EVIDENCE OF CHAR-
ACTER—SUFFICIENCY.    Real property is shown to be the community
property of husband and wife where the only witness examined was
the husband, who testified that he had purchased the property after
marriage, with community funds of himself and wife; and the ad-
missions contained in the records in probate proceedings to which
the husband and wife were not parties are not competent evidence
against them.

EVIDENCE—AFFIDAVITS OF WITNESSES—IMPEACHMENT.    The affi-
davit of a party made in an interlocutory proceeding is not compe-
tent evidence, except for impeaching his testimony after directing
his attention thereto and giving him an opportunity to explain.

Appeal from a judgment of the superior court for King
county, Frater, J., entered July 10, 1905, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action to foreclose a mortgage.
Affirmed.

*Byers & Byers,* for appellants.

*McCafferty & Bell,* and *Hastings & Stedman,* for respond-
ents.

[1]Reported in 84 Pac. 824.

RUDKIN, J.—On the 4th day of September, 1903, the defendant Wheeler obtained a judgment against the defendant Dell Merwin, in the superior court of King county, for the sum of $429.80. The judgment itself declared that it was the separate obligation of the defendant Dell Merwin, and should not in any manner constitute a charge or lien against the community property of the judgment debtor and W. K. Merwin, her husband. On the 2d day of February, 1904, the defendants Dell Merwin and W. K. Merwin, her husband, and the defendants Smart and Young, executed a mortgage to the plaintiffs' assignors, to secure the payment of the sum of $5,500, according to the terms and conditions of a promissory note bearing the same date.

On the 30th day of December, 1904, the defendant Wheeler caused an execution to issue on the above described judgment, and the defendant Smith, as sheriff of King county, by virtue of said execution, levied upon an undivided one-fourteenth interest in the property described in said mortgage, and offered the same for sale at public auction, as provided by law, on the 4th day of February, 1905, as the property of said Dell Merwin.

On the 3d day of February, 1905, the plaintiffs, as assignees of the note and mortgage above described, commenced this action for the foreclosure of the mortgage, and made the defendants Wheeler and Smith parties thereto, alleging that the above described judgment was the separate obligation of the defendant Dell Merwin, and that the property described in the mortgage was the community property of Dell Merwin and husband. The complaint prayed for a temporary injunction restraining the execution sale until the final hearing of the foreclosure suit, which was granted. At the final hearing, the court granted a decree of foreclosure, found that the judgment in question was the separate obligation of the defendant Dell Merwin, that the only interest Dell Merwin had in the mortgaged premises was the community property

of herself and husband, and perpetually enjoined the execution sale.

From this decree both the plaintiffs and the defendants Wheeler and Smith have appealed. The appeal of the plaintiffs, however, seems to have been abandoned, as we find no assignment of error in their behalf. The appellants Wheeler and Smith make the following contentions in support of their appeal: (1) That the claim under the judgment was superior and paramount to the mortgage lien, and its validity could not be adjudicated in the foreclosure suit; and (2) that the court erred in finding that the interest of Dell Merwin in the mortgaged premises was the community property of herself and husband.

In support of the first contention, the appellants cite *California etc. Trust Co. v. Cheney Electric etc. Co.,* 12 Wash. 138, 40 Pac. 732, and *Kizer v. Caufield,* 17 Wash. 417, 49 Pac. 1064, where it is held that a claim adverse to the mortgagor, and acquired prior to the execution of the mortgage, cannot be litigated in a suit to foreclose the mortgage. These decisions are not in point here, and we are not inclined to extend the rule there announced. In a suit to foreclose a mortgage or other lien, the court must determine the question of priority between different liens and claims (*Pennsylvania Mtg. Inv. Co. v. Gilbert,* 13 Wash. 684, 43 Pac. 941, 45 Pac. 43; *Johnson v. Irwin,* 16 Wash. 652, 48 Pac. 345); and for the purpose of determining the question before us, we must assume that the judgment was the separate obligation of the wife, and the mortgaged premises the community property of the judgment debtor and her husband. If this be true, the judgment was no lien or claim whatever against the mortgaged premises at the time of the execution of the mortgage. The husband might doubtless suffer the community property to be sold to satisfy the separate debt of the wife, but he could not do this as against his mortgagees. If this judgment ever became a lien or charge against the mortgaged premises as community property, it was not until the

levy was made under the execution, long after the execution of the mortgage. The question of priority between the two claims or liens depended upon the character of the property, whether separate or community, and the court had a right to determine that question in the foreclosure suit.

On the second question, we do not see how the court could have arrived at any other conclusion. The only witness examined at the trial was the defendant W. K. Merwin. He testified that he purchased the property after his marriage, with the community funds of himself and wife.

The appellants Wheeler and Smith offered in evidence, (1) the petition of Emma Young for the appointment of a guardian for the defendant Hazel Smart, signed by her attorney and verified by the petitioner; (2) a petition for leave to mortgage the real property of said minor, signed by her attorney; (3) an order authorizing the mortgage, and (4) an affidavit, signed by the defendant Eliza J. Smart and filed in the guardianship proceedings. Neither the plaintiffs nor the defendants Merwin and wife were parties to these probate proceedings, and we see no ground upon which these petitions, orders, and affidavits were admissible or competent. In so far as any adjudication was made by the court in that proceeding, it was *res inter alios acta.* In so far as the petitions and affidavits contained admissions, they could only bind the parties who made them. 2 Wigmore, Evidence, § 1076; *Dan v. Brown,* 4 Cowen 483; *Leeds v. The Marine Ins. Co.,* 2 Wheat. 380.

Counsel for appellants also call attention to an affidavit made by the witness Merwin, on the motion to dissolve the temporary restraining order. Counsel for the plaintiffs maintain that this affidavit is not properly before us, but we need not determine that question. The affidavit would only be competent for the purpose of impeaching the witness, and it was not so offered. The attention of the witness was not directed to its contents, and he was given no opportunity to explain it. An inspection of the document shows so plainly

that the word "not" was inadvertently omitted in its preparation that the court properly disregarded it.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., ROOT, CROW, HADLEY, FULLERTON, and DUNBAR, JJ., concur.