# WARD ET AL. *v.* SCHEELINE BANKING AND TRUST COMPANY ET AL.

No. 3010

May 24, 1933.

*Walter Rowson, Fernand de Journel* and *Harold W. Haviland,* for Appellants:

*Thatcher & Woodburn* and *Wm. J. Forman,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is a suit in equity to set aside a judgment. The trial court entered judgment in favor of the defendants. The plaintiffs have appealed from both the judgment and the order denying the motion for a new trial. We shall refer to the parties generally as plaintiffs and defendants.

The complaint and supplemental complaint allege the following facts: The corporate existence of the two corporations made parties to the suit; that on the 31st of December, 1923, the Stockgrowers and Ranchers Bank of Reno, a corporation, entered into a written agreement with the defendant corporation, pursuant to which it sold to said defendant corporation all of its assets, and that on said day, in accordance with the terms of said agreement, the plaintiff corporation, as principal, and the plaintiffs Ward and Cameron and John Poco, as sureties, executed and delivered an undertaking in favor of the defendant corporation in the sum of $40,000, guaranteeing the defendant corporation against all loss which might be sustained by defendant corporation resulting from its assumption of obligations of the plaintiff corporation.

It is further averred that defendant Harry H. Scheeline was the controlling owner of the defendant corporation prior to and at the time of the said purchase; that at divers times prior to and after the execution of said agreement of sale the said Harry H. Scheeline, acting in his individual capacity, and not as an officer of defendant corporation, promised, covenanted and agreed with plaintiffs herein, for a valuable consideration, that he would assume and pay one-third of any and all monetary payments, if any, which might thereafter be recovered of plaintiffs by virtue of said undertaking; that the plaintiffs believed and relied upon said promises and agreements, and were induced thereby

to make, execute and deliver said agreement and undertaking, but for which they would not have entered into the same.

It is further averred that on December 28, 1928, the defendant corporation filed an action against the plaintiffs herein and John Poco, wherein judgment was demanded in the sum of $34,946.62; and that on January 25, 1929, the defendant corporation filed in the same court a second action, against the same parties, to recover $34,946.62 (that the relief sought in said two actions flows from the same alleged losses, the second action being brought as a precaution), and that thereafter, on July 9, 1929, on motion of plaintiffs in said actions, an order was entered consolidating said actions for the purpose of trial.

It is also averred that immediately after the institution of the two actions last mentioned the plaintiffs herein were approached by the defendant corporation, acting. through W. A. Shockley, its vice president and manager, and Harry H. Scheeline, its cashier, both of whom stated and represented to the plaintiffs that they had received direct information and believed that John Poco had declared his intention to defend said actions and to do everything in his power to prevent recovery by defendant corporation by virtue of said undertaking, and that said Poco had declared his intention to hinder and delay the trial of said actions by all means within his power; that thereupon and by reason of said alleged existing circumstances said Shockley and Scheeline, acting for and in behalf of defendant corporation, proposed and offered the plaintiffs herein that defendant corporation and Scheeline and Shockley would select and provide legal counsel for the plaintiffs herein, and pay such counsel out of the funds of defendant corporation, and would cause such counsel to appear for plaintiffs herein and to enter a cross-complaint against John Poco, and thereafter to permit a default to be taken against the plaintiffs herein, and, eventually,

admit a judgment to be entered against plaintiffs herein, on the pleadings, for the amount claimed by the plaintiffs in said actions upon said bond, with interest thereon from the date of judgment; that said Harry H. Scheeline and W. A. Shockley, acting for and in behalf of defendant corporation, promised, covenanted and agreed that defendant corporation would wholly disregard and waive the joint and several obligations of said undertaking, and would refrain from enforcing said judgment against the plaintiffs herein jointly, either by way of execution, attachment or otherwise, until said Poco had been compelled by appropriate proceedings in said action, or by proceedings in another action for contribution, to pay and liquidate his just share and proportion of all moneys found to be due upon said undertaking, and that thereafter, and not otherwise, the remaining two-thirds of the amount so found due should be paid in equal parts by Harry Scheeline, T. O. Ward and John D. Cameron.

In paragraph VIII of the complaint the plaintiffs admit that there is justly due from the plaintiffs and John Poco to the defendant corporation by virtue of the bond above mentioned an undetermined sum, which ought to be paid, but allege that the true amount thereof has not been ascertained. The plaintiffs aver that they acted in good faith as to the transactions above mentioned, and relied upon the promises and agreements of the said Scheeline and Shockley, acting in their individual behalf and in behalf of the defendant corporation herein; that the plaintiffs believed in the truth and good faith of said representations and were thereby induced and deceived into giving their consent and accepting said offer and promise of the said Scheeline to pay personally one-third of the aggregate two-thirds found to be due from the plaintiffs herein by virtue of said undertaking, and the further promises relative to the employment of counsel, and promises made in connection therewith, and the further promises to refrain from enforcing such judgment as might be rendered

until final determination of the liability of all of the parties upon said undertaking, and all other promises made as hereinabove stated.

It is further averred that on July 10, 1929, judgment in accordance with the pleadings was rendered and entered in favor of defendant corporation and against the plaintiffs Ward and Cameron, jointly and severally, in said actions, in the sum of $34,946.62, with interest from December 31, 1923, at the rate of seven per cent per annum, amounting in all to $54,516.72; that these plaintiffs were never informed by counsel, and did not discover until shortly prior to the filing of this action, that the judgment so entered was joint and several and was greatly in excess of the amount actually due upon said bond; that for a long time subsequent to the entry of said judgment defendants herein continued the prosecution of said action against the defendant John Poco, and that by reason thereof the plaintiffs herein were lulled into a sense of security, and continued to believe and rely upon the good faith of the defendant corporation, of Harry H. Scheeline and W. A. Shockley to carry out their covenants and agreements; that the plaintiffs herein had no intimation of any abandonment, denial, repudiation, or attempted breach of said covenants and agreements, and relying thereupon refrained theretofore from taking any steps or action seeking equitable relief; that within one month last past defendants, in disregard of their promises and agreements, have declared to plaintiffs their intention to repudiate all of said promises and agreements, and to abandon their aforesaid actions against said John Poco, and have declared to these plaintiffs that they look to these plaintiffs jointly and solely for the payment to defendant corporation of the entire amount of said judgment; that defendants have threatened and now threaten to issue execution thereupon and to levy upon and sell the property of these plaintiffs.

It is also alleged that plaintiffs, relying upon the good faith and promises of the defendants corporation, Harry

Scheeline and Shockley to furnish an attorney to appear and represent plaintiffs in the consolidated causes mentioned, and to instruct said attorney that the judgment to be taken against plaintiffs was to be interlocutory only, and for the sole purpose of stating a then existing impairment of the accounts receivable of the Stockgrowers and Ranchers Bank, which was to be subject to a further accounting, and that the judgment rendered was intended to be and is an interlocutory judgment only, and not a final judgment, and on the 10th day of July, 1929, these defendants wrongfully and unlawfully caused to be entered a final judgment in said cause.

It is further alleged that all of the promises, covenants and agreements therein mentioned were based upon valuable considerations moving from the plaintiffs to the defendants; that at all times mentioned the plaintiffs have been and now are ready and willing to do equity in the premises, and that they have no speedy and adequate remedy at law.

The defendants corporation, Harry Scheeline and Shockley appeared by answer and denied all of the allegations of fraud and bad faith; pleaded the statute of limitations; the misjoinder of parties; the improper uniting of causes of action against Scheeline Banking and Trust Company, Harry H. Scheeline and W. A. Shockley. The answer also averred that the judgment in question had been assigned to the United Nevada Bank, and by it to the Martin Ranch Company.

The court made findings of facts wherein it found that the allegations of fraud contained in the complaint were untrue.

Appellant formally assigned forty-nine errors, but upon the oral argument it was stated that the matter could be presented under a few points.

No error was assigned to the ruling of the court upon objections to testimony.

We will first determine if the judgment and order must be reversed for insufficiency of the evidence.

■ It is settled law in this jurisdiction that if there

is a substantial conflict in the evidence, the findings and judgment of the trial court will not be disturbed. Butzbach v. Siri et al., 53 Nev. 453, 5 P. (2d) 533.

■ We have carefully considered the evidence and are of the opinion that there is such a substantial conflict, and that we are precluded from doing otherwise than to accept the findings of the trial judge. Furthermore, fraud must be clearly and satisfactorily proven. Nevada Mining & Ex. Co. v. Rae, 47 Nev. 173, 218 Pac. 89. There. is no such showing. The record in the case is voluminous, and to review the evidence would serve no useful purpose.

■ The contention that the court had no jurisdiction to enter an order consolidating the two actions brought by the Scheeline Banking and Trust Company against T. O. Ward, John D. Cameron and John Poco is not well founded. As above stated, the two actions were brought as a matter of precaution to obviate the possibility of a technical question of law being successfully urged. They were to recover the identical relief. Counsel for the defendants in those actions (plaintiffs here) were in court at the time the order of consolidation was made, and in response to an inquiry by the court stated they had no objections to the order.

If any error were committed in ordering a consolidation of the two actions mentioned, it was waived, and in no event could be corrected except on an appeal in those actions, or at least in one of them, and not on an appeal in this action.

Counsel for appellant, in support of the last contention, invite our attention to our civil practice act (sec. 9025 N. C. L.), which provides:

"Whenever two or more actions are pending at one time between the same parties, and in the same court, upon causes of action which might have been joined, the court may order the actions to be consolidated."

It is said by counsel for appellant that the section quoted provides for the consolidation of two or more actions upon separate causes of action; that in the

situation under consideration there was not a consolidation of two causes of action, but of two actions, the second action being but a repetition of the first, for the consolidation of which there was no authority.

■ In Realty, etc. Mfg. Co. v. Superior Court, 165 Cal. 543, 132 Pac. 1048, the court, in construing an identical section to the one quoted, held that where consolidation is not a matter of right, the trial court is vested with a discretion to consolidate or to refuse to do so, subject to reversal in case of abuse. Such is the well-recognized rule. 1 C. J. 1123. The court had jurisdiction to make the order of consolidation.

■ It is contended that the order of July 9, 1929, constituted an interlocutory order, and "that the so-called judgment of July 10, 1929, for lack of conformity to rule 32, was not a true form of the judgment rendered the preceding day, and for that reason it was error of the court below, who had before it the proceedings upon which the judgment of July 9th had been rendered, to construe that paper writing of July 10th as a final judgment."

In view of the allegation in paragraph IX of plaintiffs' complaint "That on the 10th day of July, 1929,  *   *   * in default of any defense interposed by or on behalf of the plaintiffs, judgment in accordance with the pleadings was rendered and entered  *   *   * against T. O. Ward and J. D. Cameron  *   *   * for the sum of $34,946.62  *   *   *" it is difficult for us to understand how the plaintiffs can now say that no final judgment was rendered on July 10. In fact, this point cannot be raised here for the first time, as contended by counsel for respondents. Sherman v. Dilley, 3 Nev. 21; Smith v. Lewis, 295 Pac. 37.

■ The record shows that a formal judgment was rendered July 10, in which nothing was said about reserving jurisdiction as to Poco. Some point is sought to be made of this fact; however, the order reserving jurisdiction as to Poco had been made theretofore—at the time the order of consolidation was made. No

judgment on the pleadings could be entered against Poco because of the character of his answer, but that did not preclude the entry of a judgment against the other two defendants—the obligation upon which the suit was brought being both joint and several. It must be noted that jurisdiction was not reserved to enable the plaintiff in the action to proceed further against Poco, but to enable Ward and Cameron to do so on their cross complaint, though the court might no doubt have reserved jurisdiction as to the claim of plaintiff against Poco, pursuant to sec 8796 N. C. L. The judgment of July 10, 1929, follows the pleadings. Counsel for Ward and Cameron was in court when the motion for judgment on the pleadings was made, and the matter was thoroughly understood by all of the parties. Plaintiffs were in no way prejudiced by the order of consolidation.

It is contended by the plaintiffs, among other things, that the assignment of the judgment of July 10 to the United Nevada Bank was not bona fide, but this and similar questions are out of the case, since no fraud is found to have entered into the entry of the judgment.

It is ordered that the judgment and order appealed from be affirmed.