THOMAS ORMACHEA, APPELLANT *v.* MARGUERITE LUCILLE ORMACHEA, RESPONDENT.

No. 3575

March 14, 1949.          203 P.2d 614.

A. L. *Haight*, of Fallon, and *Kearney & Adams*, of Reno, for Appellant.

*Griswold & Vargas*, of Reno, and *James W. Johnson, Jr.*, of Fallon, for Respondent.

## OPINION

*Per Curiam:*

Upon the appellant husband's appeal the respondent wife has moved this court for the allowance of an attorney fee in the sum of $5,000, and for support for herself and the four minor children whose custody was awarded to her by the decree in the sum of $500 per month. The motion was argued and submitted on affidavits and counter affidavits and by references to the files, papers and pleadings and evidence adduced in the trial of the case as the same appear in the bill of exceptions. The law as to the right and duty of this court to make allowances on behalf of the wife being well settled, counsel confined the oral argument to a discussion of the facts appearing in the affidavits and in the record and by which they felt the court should be governed in any order made in the premises. We shall mention only so much of the factual situation as would appear necessary for the purpose at hand.

The court found that the parties had intermarried in October 1930, and that there were seven children as the issue of said marriage; that the defendant had been guilty of extreme cruelty to the plaintiff for a period of several years up to the time of the separation of the

parties, all without fault on the part of the plaintiff; that plaintiff owned an undivided one quarter interest in certain property known as the Kallenbach Ranch, and that all other property standing in the name of either or both of the parties was community property; that the plaintiff was entitled to have awarded to her the custody of the four younger minor children and that the three older minors over the age of fourteen should have the right to nominate and select his or her own guardian; that mutual rights of visitation should be allowed; that there should be allotted to the plaintiff the full title to the Kallenbach Ranch in Churchill County, Nevada, with certain livestock and equipment subject to the option of the defendant for a period of thirty days to purchase the same from plaintiff for $30,000; that there be allotted to plaintiff an aditional $10,000 and an additional $70,000, which last-mentioned sum was payable in not less than equal annual installments over a period of seventeen years; that plaintiff should have her costs and disbursements, etc.; that she be allowed $35 per month per child for the children in her custody, which sums should come out of the $10,000 above mentioned; that the $70,000 item be secured by a lien on all of the property. Judgment and decree of divorce in accordance with the findings of fact and conclusions of law were duly entered on October 13, 1948, which judgment taxed the costs in the sum of $212.18.

In August 1948, the trial court had ordered appellant to pay respondent $500 a month. A controversy as to the exact construction, nature and extent of this order need not here be considered, although it appears that four of such $500 payments were made, the last being in November 1948. The case had been tried before Honorable Clark J. Guild, district judge, who made the findings and entered the judgment above referred to. On October 13, 1948, Honorable Frank McNamee, presiding in said court in place of Judge Guild, on application of the defendant made an "order fixing amount of

undertaking staying execution on appeal," wherein such undertaking was fixed in the sum of $20,000, and further ordering: "Upon the filing and approval of such undertaking the execution of such judgment be and the same is hereby stayed, pending the final conclusion of the proceedings on said appeal."

Appellant's affidavit recites that she is without funds; that she is living at a hotel at Fallon, Nevada, with one of the minor children, and that there is an accrued and unpaid hotel bill in the sum of $465.41 for board, room and laundry; that $500 a month is reasonably required for the support of herself and the minor children awarded to her custody; that the properties of the parties as disclosed by the evidence in the trial have a value of in excess of $189,000; that board and room at the hotel for herself and the minor child presently living with her cost $150 per month, laundry $10 per month, clothing $20 per month, in addition to certain sundries; that she has no money to pay counsel fees on the appeal and that by reason of the order staying execution of the judgment is unable to borrow any; and that the defendant is financially able to pay the sums asked for.

Appellant's affidavit insists that the evidence in the case shows that shortly before plaintiff filed her complaint for divorce on October 1, 1947 she left the defendant's home taking with her the sum of approximately $3,600 and that this sum, together with the four $500 payments made respectively on July 9, September 20, October 4, and November 4, 1948, indicate that her allegations as to her destitute condition are not justified, especially in view of the fact that since about November 1948 only one of the minor children has continued to live with her and that the other children are living happily and contentedly with defendant at his ranch; that plaintiff is a well, strong and able-bodied woman in her early forties, capable of earning a good living for herself, but has made no effort to find employment and has continued to live in idleness at the hotel at Fallon; that his own resources have been materially diminished

through loss of livestock and feeding expense because of the unprecedented storms and cold weather of the past winter and that further heavy losses are anticipated; that the present values of the property are considerably less than $150,000.

Expressions contained in the findings and in the arguments of counsel indicate that the marriage between the parties was found to be a common-law marriage. The oral arguments further indicate that the appeal on the merits will involve appellant's contention (despite the said minor children, the issue of said marriage) that there was no common-law marriage and that the trial court erroneously found that there was a common-law marriage; also that the entire property of the parties at the time of the divorce, with the exception of respondent's one fourth interest in the Kallenbach Ranch, comprised rents, issues, profits, increase, substitutions, etc., of appellant's original properties at the time of the marriage, including some 4,000 sheep and 100 cattle and that the court erroneously found the property to be the community property of the parties. The record on appeal comprises between 500 and 600 pages. Property awarded to the plaintiff aggregated some $110,000. Presentation of the points of law above indicated, as well probably as others of importance, will involve a careful preparation and presentation. The earnestness with which counsel presented their respective views at the oral argument of the present motion indicates their conscientious adherence to their respective contentions and the earnestness and ability with which the appeal on the merits will be presented. We think the facts sufficiently show the necessities of the respondent and the ability of the appellant to pay. The $3,600 taken by plaintiff at the time of filing her divorce was fully within the knowledge of the trial court at the time of the entry of its final judgment. These parties lived together for some seventeen years during which time seven children were born to the respondent and during which time she apparently lived upon the ranch property as the wife of

a rancher and stockraiser. This connotes much to those familiar with such situations, although at this stage of the proceedings we have not read the record nor concerned ourselves with the merits of the appeal.

After due consideration[1] we have considered the following allowances to be proper and they are hereby ordered to be paid forthwith, namely, the payment by appellant of respondent's accrued hotel bill in the sum of $465.41, which shall be payable directly to Grand Hotel, Fallon, Nevada; the sum of $1,000 to respondent's attorneys as attorney fees on this appeal; the sum of $250 per month for the support of respondent and the minor children in her custody, commencing on or before ten days after the entry of this order and payable on the corresponding day on each month thereafter until the determination of this appeal on the merits, or the further order of this court.

Any determination as to whether such monthly payments shall be chargeable against the $10,000 item as allowed by the district court may abide the determination of the appeal on the merits.

The order and bond staying execution may otherwise remain in effect. Each party will pay his own costs on the present motion.

BADT and EATHER, JJ., concur.

HORSEY, C. J., did not participate in the foregoing.

ON MOTION TO VACATE FORMER ORDER FOR ALLOWANCES PENDING APPEAL, ETC.

June 6, 1949.                                     206 P.2d 753.

---

[1] See McLaughlin v. McLaughlin, 48 Nev. 153, 228 P. 305, 238 P. 402, 240 P. 1115; Cunningham v. Cunningham, 60 Nev. 191, 192, 102 P.2d 94, 105 P.2d 398; Wallman v. Wallman, 48 Nev. 239, 229 P. 1, 35 A.L.R. 1096; Afriat v. Afriat, 61 Nev. 321, 117 P.2d 83, 119 P.2d 883; Dirks v. Dirks, 61 Nev. 267, 125 P.2d 305; etc.

*A. L. Haight,* of Fallon, and *Kearney & Adams,* of Reno, for Appellant.

*Griswold & Vargas,* of Reno, and *James W. Johnson, Jr.,* of Fallon, for Respondent.

## OPINION

*Per Curiam:*

On March 14, 1949 we granted the motion of the respondent wife for certain allowances pending appeal. As to the facts and circumstances under which the order was made and as to the extent of the order, see our former opinion, 66 Nev. 67, 203 P.2d 614.

■ The appellant husband now asks this court to

vacate that order, to relieve the appellant from payment of any further allowances, to order the return to appellant of the sums heretofore paid to respondent under that order, and for a further order changing the custody of the minor child or children now residing with respondent and placing the custody of such child or children with appellant. The grounds of the motion are that the best interests of the child or children would be best served thereby, that respondent is not a fit or proper person to have such custody, that the allowances ordered by our former order were obtained by fraud, fraudulent representations and by the withholding of and concealment of facts which, if presented, would have defeated respondent's application for allowances, thus constituting a fraud upon this court. The facts most strongly relied upon in support of the motion were the marriage of respondent to one David Erquiga on March 16, 1949, two days after our order for allowances of March 14, and six days after the presentation of the argument and motion for allowances. The certificate of said mariage of March 16, 1949 was recorded April 8, 1949. On April 1, 1949 a child was born to respondent, which child, as shown by the birth certificate, was named David Erquiga, Jr. The father is recited to be David Erquiga. The child was accordingly conceived about July 1948. On December 22, 1948 respondent filed her motion and affidavit for allowances, and on March 10, 1949 filed a supplemental affidavit for allowances. During the oral argument counsel for respondent conceded that she would be entitled to no allowances for her support after her mariage to David Erquiga, March 16, 1949, and that our former order for the payment of $250 a month should be vacated so far as the same applied to any sums payable after March 16, 1949. As to such payment, the order is accordingly vacated. It was not made clear whether any of the $250 monthly payments were made after March 16, 1949. If any such

were made, it is ordered that the same be refunded by respondent to appellant.

Only one of the minor children of the parties continues to reside with respondent, namely, a daughter Margaret, going on thirteen years of age. We do not believe that a sufficient showing has been made to justify a change in her custody.

Pursuant to our order of March 14, 1949, appellant paid respondent's accrued hotel bill in the sum of $465.41 and paid respondent's attorneys the sum of $1,000 allowed by us as attorney fees on the appeal. Appellant strongly urges that these sums should be refunded, first, because of respondent's misconduct and, secondly, because she was not in necessitous circumstances, the concealment of which facts was a fraud upon this court. It is further urged that we should probably not have made our order of March 14 had we then known that respondent, eight months pregnant with Erquiga's child, had planned her immediate marriage to him.

■ ■ The motion is not without merit. Respondent has made no attempt either to deny or to explain her relations with Erquiga or his paternity of her child. Indeed the marriage certificate and the birth certificate (copies of which are annexed as exhibits to the affidavit supporting appellant's motions) speak for themselves. In support of the claim that it now appears (and would have appeared at the time of our former order but for the alleged fraudulent concealment) that respondent's present husband is financially able to finance respondent's defense of the appeal, appellant has filed an affidavit executed by one of his attorneys on information and belief, to the effect that David Erquiga conveyed certain real property in 1946 for approximately $13,000, of which $6,000 was paid in cash and $7,000 was payable in installments and secured by a deed of trust under which Erquiga received $2,200 in November 1948, and that a balance of $3,000 and interest is still due there-

under, and that he is possessed of other means or securities of considerable value. Such affidavit was filed at the time of the argument of the pending motions and respondent has made no request for an opportunity to file any affidavits in response.

Counsel for both parties appear to agree that the entire matter lies within the sound discretion of this court. Indeed, ever since Lake v. Lake, 17 Nev. 230, 30 P. 878 (see cases cited in footnote to our opinion on the former motion), such has been the rule in this state. We are not called upon to condone respondent's relations with Erquiga. Statements made in the course of the oral argument indicate that the nature of that relationship enters largely into the 600 page record on appeal. We have not read that record, as the merits of the appeal are not before us. Her concealment of the facts that at the time she filed her affidavit in support of her motion for allowances she was in the eighth month of her pregnancy is more serious. That such situation, if it had been brought to our knowledge at the time of the arguments of March 14, 1949 on the motion for allowances would have affected the extent of our order, does not, however, necessarily follow. Since that argument and since our order of March 14, appellant has filed his opening brief on appeal. It is a document comprising ninety-seven typewritten pages. Its index (which is all we have read) indicates that many important and serious points are raised and we are loath to order the return of any part of the $1,000 attorney fee heretofore allowed for the defense of the appeal. We feel the more satisfied in reaching this conclusion for the reason that upon the submission of the appeal upon merits we shall be in position, and the right is hereby reserved, to remedy any inequities that may be shown. Nor are we satisfied (despite the failure of respondent to deny the allegations made by appellant's attorney on information and

belief, as to the financial ability of respondent's present husband, and despite her failure to request an opportunity to deny the same) that the affidavit as to Erquiga's ability to pay is sufficient to counteract the effect of respondent's affidavit as to her necessitous circumstances.

On the presentation of respondent's motion to vacate the former orders, etc., appellant applied, on shortened notice, for an order for an additional allowance of $250 attorney fees to defend the present motion. We are not inclined to make an additional allowance for the purpose.

It is accordingly ordered as follows:

1. Appellant's motion for an order changing the custody of the minor child or children remaining with respondent is denied.

2. Appellant's motion to vacate the order for the payment to respondent of $250 per month for her support is granted, as to any future payments.

3. If any of such $250 monthly payments, or any part thereof, has been paid to respondent subsequently to March 16, 1949, the date of her marriage to Erquiga, such payment is ordered refunded to appellant.

4. Appellant's motion for an order for the return of the $1,000 attorney fee paid under our former order and his motion for the return of the sum of $465.41 for respondent's hotel bill are denied.

5. Respondent's motion for the allowance of an additional $250 attorney fee for the opposition of appellant's motion is denied.

6. No allowance of costs or fees will be made on the present motions.

HORSEY, C. J., did not participate.